UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DINA CHECK, on behalf of Minor MC,

                            Plaintiff,         **REPORT AND RECOMMENDATION**
                                                                13 CV 791 (SLT)(LB)
        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                           Defendant.
-------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      By Order dated May 20, 2013, the Honorable Sandra L. Townes adopted my Report and Recommendation denying plaintiff's request for a preliminary injunction requiring the New York City Department of Education to permit plaintiff's daughter to enroll in kindergarten pursuant to a religious exemption from the immunizations mandated by Section 2164 of the New York State Public Health Law. See ECF No. 24. Specifically, Judge Townes concluded that "[p]laintiff's aversion to vaccinations for her child stems from her personal fear for her child's well-being and not a religious belief such that she is entitled to a religious exemption." Id. at 6. Plaintiff's has appealed Judge Townes's Order and her appeal is pending before the United States Court of Appeals for the Second Circuit. See ECF No. 26.

      On August 14, 2013, plaintiff filed a second motion for a preliminary injunction, seeking an order requiring defendants to permit plaintiff's daughter's enrollment on the ground that she is entitled to a medical exemption from immunization pursuant to Section 2164(8). ECF No. 30. Judge Townes referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). The Court held a hearing on plaintiff's application for a preliminary

1

injunction on August 27, 2013.[1]  For the reasons set forth below, it is respectfully recommended that plaintiff's application should be denied.

## BACKGROUND

Plaintiff brings this lawsuit on behalf of her daughter, MC, who she wishes to enroll in kindergarten at PS 35, in Staten Island.[2]  Although the Complaint alleges that MC is entitled to an exemption from immunization both on the basis of her parents' religious beliefs and because her medical infirmities make receiving vaccinations detrimental to her health, this Court's federal question jurisdiction is based on plaintiff's allegation that defendant's refusal to grant her daughter a religious exemption violates her First Amendment right to the free exercise of religion.  See Compl. Count I.

On March 1, 2013, this Court held a hearing on plaintiff's first motion for a preliminary injunction and temporary restraining order requiring defendant to permit plaintiff to enroll her daughter in school.  During this hearing, plaintiff and her counsel confirmed that the only issue before the Court was whether plaintiff's daughter was entitled to a religious exemption from immunization.  See March 1, 2013 Hearing Transcript ("Tr.") at 66.  In fact, plaintiff repeatedly stated that she had never sought a medical exemption from immunization for her daughter.  See Compl. ¶ 16 ("Plaintiff was not seeking a medical exemption as her daughter had already been granted a religious exemption two years prior."); Tr. at 41-42 ("Q:  Is it your contention that – am I correct that you never formally applied for a medical exemption from the Department of

---

[1] After I signed the Order to Show Cause, striking plaintiff's request for a temporary restraining order, defendant sought a stay of the preliminary injunction hearing pending the Court's ruling on its motion to dismiss.  ECF No. 31.  In requesting a stay, defendant argued that plaintiff had failed to exhaust her administrative remedies with respect to any request for a medical exemption.  Id. Plaintiff's opposition asserted that exhaustion was unnecessary.  ECF No. 34.  On August 23, 2013, I issued an order stating that the preliminary injunction hearing would proceed as scheduled; however, the parties were advised that no medical testimony would be taken during the hearing.

[2]  Familiarity is assumed with the Report and Recommendation issued on March 22, 2013, which set forth the facts underlying plaintiff's lawsuit.  See ECF No. 20.  Accordingly, only those facts relevant to plaintiff's instant request for a preliminary injunction are set forth herein.

Education?  A:  You are absolutely correct. . . . I never applied.  [The medical exemption form] was in her file and her record. . . . I am not medically exempt.  I don't want to be.  We are religiously exempt.").

Notwithstanding plaintiff's unequivocal testimony that she had no intention of seeking a medical exemption for her daughter, the Complaint acknowledges that, in March 2012, MC's pediatrician completed the New York City Department of Education Medical Request for Immunization Exemption one-page form, requesting that she be excused from vaccinations and certifying that they may be detrimental to her health.  See Compl. at Ex. 5.  Plaintiff explained during the first preliminary injunction hearing that she did not understand this form to request a medical exemption from defendant.  See Tr. at 43-44 ("I [signed the form] in the doctor's office. I was aware that this was medically exempt[ing], exempting Mary from his office, not from school.").  Plaintiff alleges that she did not submit this form to defendant; instead, a school nurse found the form in MC's file and submitted the request for a medical exemption on behalf of plaintiff's daughter, "without plaintiff's knowledge or consent."  Compl. ¶ 17.

Plaintiff alleges that she only learned that the medical request for immunization exemption form had been inadvertently submitted when she received a letter from defendant dated October 18, 2012 denying the request.  Id. ¶ 19; Tr. at 47-48.  Plaintiff neither appealed defendant's denial of the medical exemption to the New York State Commissioner of Education pursuant to New York Education Law Section 310, nor initiated an article 78 proceeding in state court to challenge the determination.  Significantly, plaintiff has neither resubmitted the medical exemption request nor supplemented the prior inadvertently submitted request with supporting affidavits from her daughter's medical providers.  Instead, plaintiff sought a religious exemption from immunization and, when defendant denied that request, plaintiff initiated the instant federal

lawsuit claiming violations of her constitutional right to the free exercise of religion.

On March 22, 2013, I issued a Report and Recommendation denying plaintiff's request for an injunction ordering defendant to grant a religious exemption from immunization, finding that "plaintiff's refusal to immunize her child is based on medical considerations and not religious beliefs." See R&R I at 12.  I also noted that, "[i]n light of plaintiff's explicit and unequivocal testimony that she did not seek . . . an exemption from the mandated vaccines on medical grounds, the Court should not address whether plaintiff would be entitled to an exemption under section 2164(8)." Id. at n.5.  On May 20, 2013, Judge Townes issued an order adopting the Report and Recommendation. See ECF No. 24.  Plaintiff's appeal of that order is pending. See ECF No. 26.  On August 1, 2013, defendant filed a motion to dismiss, arguing that plaintiff's Complaint fails to state a viable federal claim, and that the Court should decline to adjudicate plaintiff's state law claim that her daughter is entitled to a medical exemption from immunization. ECF No. 29.  That fully briefed motion is pending.

Two weeks after defendant's motion to dismiss was filed, plaintiff filed the instant motion for a preliminary injunction regarding a medical exemption. ECF No. 30.  In support of this motion, plaintiff attaches an affidavit from MC's pediatrician, Michael Gabriel, MD, sworn to on August 7, 2013, which presents a detailed outline of MC's medical history and concludes, "[d]ue to MC's numerous adverse reactions to previous vaccinations, her severely compromised immune system, and severe sensitivities to many foods, ingredients, and metals, it is also my medical opinion that it would be not only detrimental to MC's health, but life-threatening for MC to receive any further vaccinations." See ECF No. 30-4.

Judge Townes referred plaintiff's motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  During the August 27, 2013 hearing on plaintiff's second

motion for preliminary injunctive relief, plaintiff made clear that she had neither resubmitted her request for a medical exemption since initiating the lawsuit, nor supplemented her original request form with the affidavits submitted to the Court in support of the instant motion.[3]

## DISCUSSION

In general, a plaintiff seeking a preliminary injunction must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief." Christian Louboutin S.A. v. Yves Saint Laurent America Holding, Inc., 696 F.3d 206, 215 (2d Cir. 2012) (internal quotations and citations omitted).

When the preliminary injunction sought would affect "government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." Caviezel v. Great Neck Pub. Sch., 701 F. Supp. 2d 414, 426 (E.D.N.Y. 2010) (quoting Wright v. Giuliani, 230 F.3d 543, 547 (2d Cir. 2000)); see also Ottaviano ex rel. Ottaviano v. Kings Park Cent. Sch. Dist., No. 10-CV-4962, 2010 WL 5437220 (E.D.N.Y. Dec. 23 2010) (noting that higher standard applies where plaintiff seeks relief from the actions of a government entity such as a school board); Cave v. East Meadow Union Free Sch. Dist., 480 F. Supp. 2d 610, 632 (E.D.N.Y. 2007) ("This higher standard is particularly appropriate when a plaintiff seeks a preliminary injunction against a government body such as a school district."). "For mandatory injunctions, which alter rather than maintain the status quo," such as the one at issue here, "the movant must show a clear

---

[3] Plaintiff's counsel's representation in her August 20, 2013 letter that, "[a]fter the injunction [seeking a religious exemption] was denied, Plaintiff undertook the additional time and expense of applying for provisional relief on medical grounds" is misleading in this regard. See ECF No. 34. At the August 27 hearing, plaintiff's counsel clarified, "what that sentence means is that she took the expense and time to come before this court again." See August 27, 2013 Hearing Transcript at 6.

or substantial likelihood of success on the merits."  New York Civil Liberties Union v. New York City Transit Auth., 684 F.3d 286, 294 (2d Cir. 2012) (internal quotations omitted).

## I. Irreparable Harm

Defendant does not dispute that excluding MC from kindergarten would constitute irreparable harm.[4]  See Memo. in Opp. to Second Mot. for Inj. Relief (ECF No. 35) at 4 ("Defendant does not challenge the proposition that an exclusion from school can constitute irreparable harm . . . ."); see also Caviezel, 701 F. Supp. 2d 414, 426 (E.D.N.Y. 2010) ("[The Court] is satisfied that there would be irreparable harm to this child entering school after [the start of the school year]."); Lewis v. Sobol, 710 F. Supp. 506, 507 (S.D.N.Y. 1989) (noting that "it was clear that [plaintiff's daughter] would suffer irreparable harm if barred from attending school").  Here, as was the case with plaintiff's first request for injunctive relief, plaintiff's application turns on her likelihood of success on the merits.

## II. Likelihood of Success

This lawsuit invokes the Court's jurisdiction on the basis of plaintiff's First Amendment claims challenging defendant's denial of a religious exemption from immunization.[5]  Plaintiff has appealed the Court's order denying plaintiff preliminary injunctive relief on this ground.[6]

---

[4] The Court notes, however, that the instant request for injunctive relief comes nearly three months after plaintiff's first motion was denied.  Any urgency associated with the impending start of the New York City school year, then, is entirely of plaintiff's counsel's making.  See, e.g., Aug. 27 Hearing Tr. at 11 ("The Court: . . . [W]hat I'm saying is M[s]. Check should know that the court is not hardhearted to her application, but creating the emergency by coming two weeks before the start of school doesn't sit well with the court, either.").

[5] While plaintiff's Complaint also includes a "substantive due process" claim, citing the Ninth and Fourteenth Amendments, the Second Circuit has rejected these arguments in a similar context.  See Caviezel v. Great Neck Pub. Sch., 500 Fed. Appx. 16, 19 (2d Cir. 2012) (affirming dismissal of substantive due process claim, noting, "[t]hat [section 2164 . . . is] within the police power and thus constitutional generally is too well established to require discussion." (quoting McCartney v. Austin, 31 A.D.2d 370, 371 (3d Dep't 1969)).

[6] Filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also New York State NOW v. Terry, 886 F.2d 1339, 1349 (2d Cir. 1989) ("[T]he filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal.").  "An exception exists from an order granting or denying a preliminary injunction, which does not prevent the district court from proceeding on the merits."  New York State NOW, 886 F.2d at 1349.

The separate question of whether plaintiff's daughter is entitled to a medical exemption pursuant to Section 2164(8) is a question of state law. Section 2164 of the New York Public Health Law requires every student to receive certain immunizations before attending "any public, private or parochial child caring center, day nursery, day care agency, nursery school, kindergarten, elementary, intermediate or secondary school." N.Y. Pub. Health Law § 2164(1)(a). In relevant part, section 2164 provides:

> No principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school, or to attend such school . . . without . . . acceptable evidence of the child's immunization against poliomyelitis, mumps, measles, diphtheria, rubella, varicella, hepatitis B, pertussis, tetanus, and, where applicable, Haemophilus influenza type b(Hib) and pneumococcal disease . . . .

Id. § 2164(7)(a). The statute provides an exemption from this requirement for those students for whom vaccinations are medically contraindicated, pursuant to section 2164(8): "If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health." Id. § 2164(8).

Under New York Education Law Section 310(6-a), "[a]ny party conceiving himself aggrieved may appeal by petition to the commissioner of education . . . [in] any action . . . by a principal, teacher, owner or other person in charge of any school in denying a child admission to, or continued attendance at, such school for lack of proof of required immunizations in accordance with [§ 2164]." See N.Y. Educ. Law § 310; see also N.Y. Pub. Health Law § 2164 ("A parent . . . to a child denied school entrance . . . may appeal by petition to the commissioner of education in accordance with the provisions of section 310 of the education law."). New York state courts have recognized that an appeal to the Commissioner of Education is not mandatory; "a review may be had directly in court by an Article 78 proceeding." Coughlan v. Cowan, 190

7

N.Y.S.2d 934, 936 (N.Y. Sup. 1959); see also Lynch v. Clarkstown Cent. Sch. Dist., 590 N.Y.S.2d 687, 688-89 (N.Y. Sup. 1992) ("[W]hile Petitioners could have sought review of the District's decision by way of a formal appeal to the Commissioner of Education, that method of review is not mandatory or exclusive, nor does the failure of Petitioners to seek such review preclude review of the District's decision by the courts in an Article 78 Proceeding.").

In short, state law provides the process for requesting a medical exemption from immunization, and for appealing its denial. Because defendant's denial of this statutory exemption is based entirely on state law, this Court should not reach the merits of plaintiff's claim for a medical exemption. In fact, notwithstanding plaintiff counsel's explanation that "plaintiff decided to proceed directly to federal court to seek *de novo* review of the denial of the [medical] exemption[]," see Letter dated Aug. 20, 2013 (ECF No. 34), the Court's research suggests that no federal court has ever addressed the issue plaintiff seeks to present here. The procedural posture of the following New York state court case addressing the denial of a medical exemption under Section 2164(8) is instructive here:

> In November 1990, Petitioners sought a Temporary Restraining Order against the District, in connection with a complaint filed in the United States District Court for the Southern District of New York, on First Amendment grounds, seeking enforcement of their right to free exercise of religion and asking for a preliminary injunction. The District Court (Brieant, Ch. J.) denied the TRO and held a hearing on the preliminary injunction beginning in December, 1990. Judge Brieant denied Petitioners' claim for injunctive relief and dismissed the petition on the merits, on factual grounds . . . . He also declined to exercise pendent jurisdiction over Petitioners' state law claim of a medical exemption under [New York Public Health Law] section 2164(8). It is that claim that is now before the Court.

Lynch, 590 N.Y.S.2d at 688-89. Plaintiff's claim that vaccinations are medically contraindicated for MC is a pure state law claim. If plaintiff's constitutional free exercise claim does not

withstand defendant's motion to dismiss, then the Court should not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's state law medical exemption claim.[7]

Although plaintiff suggests otherwise, "it is doubtful . . . that claims under Article 78 are even amenable to a federal district court's supplemental jurisdiction." Morningside Supermarket Corp. v. N.Y. State Dep't of Health, 432 F.Supp.2d 334, 346 (S.D.N.Y. 2006). "The overwhelming majority of district courts confronted with the question of whether to exercise supplemental jurisdiction over Article 78 claims have found that they are without power to do so or have declined to do so." Coastal Comm. Serv., Inc. v. City of New York, 658 F.Supp.2d 425, 459 (E.D.N.Y. 2009). There is no reason for the Court to part from such precedent in this case.

That defendant should be provided the opportunity to weigh plaintiff's application for a medical exemption is particularly true here, where plaintiff has denied ever seeking a medical exemption.[8] Although plaintiff notes that defendant denied the request for medical exemption that was inadvertently submitted on her daughter's behalf, plaintiff acknowledges that the materials submitted to this Court – including the detailed affidavit from MC's pediatrician sworn to on August 7, 2013, setting forth her medical history and providing support for his unequivocal conclusion that "it would be not only detrimental to MC's health, but life-threatening for MC to receive any further vaccinations" – were not submitted to defendant with the one-page New York City Department of Education Medical Request for Immunization Exemption. As the Court

---

[7] The Court also notes that plaintiff's second motion for a preliminary injunction seeks the same relief as her first application, on grounds that were available to plaintiff when she first sought injunctive relief in February 2013. See Int'l Bus. Machines Corp. v. Johnson, No. 09-cv-4826, 2009 WL 2356430, at *2 (S.D.N.Y. Jul. 30, 2009) (denying request to file second motion for preliminary injunction, stating, "The Court shall not allow IBM to litigate this matter through piecemeal, seriatim motions requesting the same relief, especially when the information that is the basis for the successive motion was in IBM's possession at the time of the filing of its first motion for preliminary injunction.")

[8] Plaintiff's counsel's statement, offered for the first time in her reply brief, that "MC adopts the application by the school's nurse who submitted a medical exemption to vaccines on her behalf . . . as being her own" is woefully insufficient to counter plaintiff's repeated assertions that she did not intend to seek a medical exemption. See Reply Mem[]orandum (ECF No. 36) at 7.

pointed out during the August 27 hearing, plaintiff should avail herself of the opportunity to present this information to defendant by resubmitting a request for medical exemption from immunization. See Aug. 27 Hearing Tr. at 17 ("The Court: . . . Why shouldn't the court allow M[s]. Check to go back through the state court process to make an application with the affidavit [] of the doctor so that she'll get her best possible shot at getting her child the relief she's seeking?"). Indeed, defendant's counsel expressly stated during the August 27 hearing that any additional information submitted in connection with a renewed request for medical exemption would "certainly" be considered. See Aug. 27 Hearing Tr. at 13.

For this reason, the Court does not reach whether plaintiff's daughter would be entitled to a medical exemption from immunization; the fact that the Court may decline to exercise supplemental jurisdiction over plaintiff's medical exemption claim should not be read to suggest that this state law claim is without basis. Although the litigation strategies employed in this action have obscured the issues surrounding MC's health, the Court acknowledges plaintiff's consistent and impassioned testimony regarding her daughter's medical problems. The Court recognizes the challenges MC's health issues have posed for plaintiff and her family. Because New York state law provides the process by which plaintiff may seek relief, however, this Court should decline to address plaintiff's claim for a medical exemption here.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's application for a preliminary injunction (ECF No. 30) should be denied.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 11, 2013
 Brooklyn, New York